**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EVANDER LEONARD | : | |
| 7219 N. 20th Street | : | |
| Philadelphia, PA 19138 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.:_____ |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| TRIDENT SOLUTIONS, INC. | : | |
| d/b/a LEM PRODUCTS, INC. | : | |
| 7160 N. Dallas Parkway | : | |
| Suite 100 | : | |
| Plano, TX 75024 | : | |
| | : | |
| Defendant. | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

Mr. Evander Leonard (hereinafter referred to as "Plaintiff," unless indicated otherwise) by

and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.     Plaintiff has initiated this action to redress violations by Trident Solutions, Inc.

d/b/a LEM Products, Inc. (hereinafter referred to as "Defendant") of the Americans with

Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 et seq.); the Family and Medical Leave

Act ("FMLA" - 29 U.S.C. §§ 2601 et seq.); and the Pennsylvania Human Relations Act ("PHRA"

- 43 P.S. Section 951, et seq.).

2.     Plaintiff alleges, *inter alia*, that Defendant refused to reasonably accommodate him

and terminated him in retaliation for requesting and utilizing protected medical leave and

reasonable accommodations.

3.      As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

5.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

6.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

7.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").

8.      On or about January 7, 2026, the EEOC issued a Notice of Right to Sue and Plaintiff has properly exhausted his administrative remedies before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving the EEOC's Right-to-Sue letter.

**PARTIES**

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.     Plaintiff is an adult individual, with an address as set forth in the caption.

11.     Defendant Trident Solutions, Inc. d/b/a LEM Products, Inc. is a Texas business corporation with a principal place of business as set forth in the caption.

12.     On or about December 17, 2021, Defendant Trident Solutions, Inc. acquired LEM Products, Inc., a Pennsylvania-based manufacturer of industrial identification products, including labels, tags, markers, decals, and signage.

13.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

14.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15.     On or about January 19, 2019, LEM Products, Inc. hired Plaintiff as Laminator. Defendant later promoted Plaintiff, first in or about 2022 to a Digital Printer, and later in or about April 2023 to a Digital Assistant.

16.      Defendant employed him in that capacity at its 147 Keystone Drive Montgomeryville, PA location, until unlawfully terminating him on or about October 24, 2024, as discussed herein.

17.     Throughout his employment, Plaintiff was a hardworking and dedicated employee with no history of performance or disciplinary concerns.

18.     Plaintiff suffers from various ADA qualifying disabilities, including without limitation, Type II diabetes, renal disease, high blood pressure, hypertension, heart failure, nerve damage, and accompanying complications and conditions.

19.     As a result of these aforementioned disabilities, Plaintiff is, at times, substantially limited from performing daily life activities such as regulating insulin levels, walking, and standing.

20.     Therefore, Plaintiff, at times, requires reasonable accommodations such as intermittent and block medical leave, and periodic breaks to monitor and adjust his insulin levels.

21.     In or about early December 2023, Plaintiff suffered a severe diabetic ketoacidosis episode which required ongoing treatment/care and required a brief (four day) hospitalization. As a result, Plaintiff applied for Short Term Disability and was placed out of work temporarily for approximately six (6) weeks.

22.     On or about the end of January 2024, Plaintiff provided doctor's notes and returned FMLA paperwork to Defendant's Human Resources Generalist Mariannette Quinones ("Quinones") and Defendant's Director of Human Resources Tammy Watkins ("Watkins").

23.     On or about February 2, 2024, Plaintiff was released to return to work effective February 5, 2024.

24.     Upon Plaintiff's return to work, Quinones emailed Watkins, "Evander showed up today. Let me know if we need to do something. Did we cancel his benefits? Does he still need to pay them."

25.     Defendant's internal communications reflect that it did not anticipate Plaintiff's return to work and was actively considering terminating his employment even as early as January 2024 for missing time due to his aforementioned disabilities.

26.     Once Plaintiff returned to work, he was met with increased scrutiny and harassment from both Quinones and his direct supervisor, Defendant's Lead Supervisor Bill Powell ("Powell").

27.     Quinones would follow Plaintiff to the bathroom and observe how long he was taking on his bathroom breaks. Quinones also instructed Powell to monitor Plaintiff's performance and report to her on an everyday basis.

28.     Plaintiff even overheard Powell and Quinones openly discussing his health, including them stating that "he's sick" and "he's not doing that well."

29.     Over the next several months, Plaintiff continued to perform his job well, but still required reasonable accommodations in the form of limited intermittent leave and periodic breaks when his aforementioned disabilities flared-up.

30.      Thereafter, on or about September 8-12, 2024, Plaintiff was hospitalized for his aforementioned disabilities.

31.     Plaintiff returned to work on or about September 13, 2024, but later required another brief medical leave of absence on or about October 25 through October 29, 2024.

32.     During this absence, Plaintiff spoke with his Floor Supervisor Jeff Kulp ("Kulp"), kept him appraised of his condition, and told Kulp that he expected to return to work on October 30, 2024.

33.     However, before Plaintiff could return to work on or about October 30, 2024, Defendant's HR/Payroll & Benefits Specialist Representative Kelly Stephens ("Stephens") sent Plaintiff a letter stating:

> [A]s of October 29, 2024, you have exhausted all of your FMLA hours provided by Trident Solutions. Please be advised that at this time we will be terminating your employment with LEM Products. . .. Your medical benefits will also end as of 11:59pm on October 29, 2024.

34.     Stephens concluded her letter by stating, "Trident wishes you a speedy recovery and once you are released full duty, we hope you will reapply for employment. If there is an opening at that time, your return to the company would be considered."

35.     To be clear, Defendant had:

   a.   never warned or otherwise told Plaintiff that his job was in jeopardy;

   b.   never provided written notice that his FMLA entitlement was exhausted (or about to be exhausted) as required by 29 C.F.R. § 825.300(d) prior to October 29, 2024;

   c.   terminated Plaintiff knowing he was in the hospital for his aforementioned disabilities but was returning to work on October 30, 2024;

   d.   not engaged in any individualized assessment as to whether a short extension of leave would constitute a reasonable accommodation; and

   e.   immediately cancelled Plaintiff's medical benefits.

36.     Even if Plaintiff's FMLA had been exhausted (without notifying him), it is well established that absences are separately protected medical accommodations under anti-discrimination laws (such as the PHRA and ADA).[1]

---

[1] *See e.g. Smith v. N. Shore-Long Island Jewish Health Sys.*, 286 F. Supp. 3d 501, 525 (E.D.N.Y. 2018)("[T]he Court finds [plaintiff] to be qualified within the meaning of the ADA with the reasonable accommodation of intermittent leave."); *Hall v. Wash. Metro. Area Transit Auth.*, 2020 U.S. Dist. LEXIS 183477, *36 (D.D.C. 2020)(counting disability-related absences against plaintiff can constitute denial of a reasonable accommodation); *Westbrooks v.*

## COUNT I
## <u>Violations of the ADA</u>
### ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.     Plaintiff suffers from qualifying health conditions under the ADA, which affected his ability (at times) to perform some daily life activities (as set forth *supra*).

39.     Despite Plaintiff's aforementioned health conditions and limitations, he was still qualified to perform the essential functions of his position with or without reasonable accommodation.

40.     Prior to his pretextual termination, Plaintiff disclosed his aforementioned disabilities/serious medical conditions and need for accommodations to Defendant's management before Defendant terminated his employment.

41.     Plaintiff therefore avers that his actual/perceived disabilities or record of impairment were a motivating and/or determinative factor in the termination of his employment with Defendant.

42.     Plaintiff also avers that he was terminated in retaliation for engaging in protected activity (requesting or utilizing accommodations) under the ADA.

---

*Baltimore Cty.*, 2019 U.S. Dist. LEXIS 140647, *34 (D. Md. 2019)(reasonable jury could conclude employer failed to consider reasonable accommodation of absenteeism for employee).

43.     Finally, Plaintiff avers that he was terminated as a direct result of Defendant's refusal to engage in the interactive process and/or accommodate him.

44.     Defendant's actions as aforesaid constitute violations of the ADA.

## COUNT II
## Violations of Family and Medical Leave Act ("FMLA")
### (Interference & Retaliation)

45.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46.     Plaintiff was a full-time employee who worked for Defendant for more than 1 year within a location that employed at least 50 employees within 75 miles.

47.     Plaintiff exercised his FMLA rights leading up to his termination.

48.     Defendant then terminated Plaintiff in unusually close temporal proximity to his most recent FMLA leave.

49.     The motivating and/or determinative factor in deciding to terminate Plaintiff's employment was (a) his use of FMLA; (b) to prevent him from utilizing future FMLA leave; and/or (c) to dissuade him or others from utilizing FMLA.

50.     Defendant committed interference and retaliation violations of the FMLA by inter alia: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights; (2) terminating Plaintiff to dissuade Plaintiff or others from utilizing FMLA leave; (3) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (4) terminating Plaintiff to prevent him from taking FMLA-qualifying leave in the future; (5) refusing to properly designate his leave

as FMLA; and (6) taking actions towards him that would dissuade a reasonable person from exercising his rights under the FMLA.

51.    Defendant also interfered with Plaintiff's FMLA rights by failing to provide adequate notice of any alleged exhaustion, failing to allow Plaintiff an opportunity to cure any documentation deficiency, and terminating him based upon an absence that qualified for FMLA protection.

## COUNT III
## Violations of the PHRA
### ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)

52.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53.    Plaintiff suffers from qualifying health conditions under the ADA, which affected his ability (at times) to perform some daily life activities (as set forth *supra*).

54.    Despite Plaintiff's aforementioned health conditions and limitations, he was still qualified to perform the essential functions of his position with or without reasonable accommodation.

55.    Prior to his pretextual termination, Plaintiff disclosed his aforementioned disabilities/serious medical conditions and need for accommodations to Defendant's management before Defendant terminated his employment.

56.    Plaintiff therefore avers that his actual/perceived disabilities or record of impairment were a motivating and/or determinative factor in the termination of his employment with Defendant.

57.     Plaintiff also avers that he was terminated in retaliation for engaging in protected activity (requesting or utilizing accommodations) under the PHRA.

58.     Finally, Plaintiff avers that he was terminated as a direct result of Defendant's refusal to engage in the interactive process and/or accommodate him.

59.     Defendant's actions as aforesaid constitute violations of the PHRA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered unlawful payment practices, retaliation, and discrimination at the hands of Defendant until the date of verdict;

B.     Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Dated: February 27, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Evander Leonard | : | CIVIL ACTION |
| v. | : | |
| Trident Solutions, Inc. d/b/a LEM Products, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x )

| | | |
|---|---|---|
| 2/27/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
    _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LEONARD, EVANDER

**DEFENDANTS**
TRIDENT SOLUTIONS, INC. D/B/A LEM PRODUCTS, INC.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Collin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   2/27/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____